<hr />

## Burns vs. Doyle.

JUSTICE'S COURT: *Removal for prejudice—Oath required—Evidence to the second justice that such oath has been made.*

1. The statute (R. S., ch. 120, sec. 47) does not require a party who desires to have a cause in justice's court removed, to make an *affidavit*, but only an *oath*, "that from prejudice or other cause he believes the justice will not decide impartially in the matter."

2. Where the oath is reduced to writing and signed and filed as an affidavit in the cause, it is sufficient to authorize a removal of the cause, though deficient as an affidavit *for lack of a venue.*

3. The justice made the following entries in his docket: "Defendant appeared to make affidavit to remove cause; affidavit made by the defendant and filed; motion granted; cause removed to W. M., Esq., of Alto," etc. *Held*, that these entries, together with the affidavit filed, are sufficient evidence that defendant has made the oath required.

4. Where the affidavit was transmitted to the second justice as a part of the record, attached to a certificate which stated that defendant had made and filed such an one, and that the same was attached to the certificate, etc., the second justice might properly assume that the affidavit

so transmitted was made by the defendant, especially where the latter appeared and moved to dismiss the proceeding without formally denying that he had made it.

APPEAL from the Circuit Court for *Fond du Lac* County.

*Doyle* appealed from a judgment of the said court, reversing, on *certiorari*, the judgment of a justice of the peace in this action. The case is stated in the opinion.

*Mayham & Perkins*, for appellant, relied on sec. 47, ch. 120, R. S.; and they also contended that the venue in an affidavit is not essential to its validity, if it sufficiently appears, from the face of the affidavit, or from accompanying papers, where it was made. *Fisk v. Tank*, 12 Wis., 299, and cases there cited.

*E. Hooker*, for respondent, contended that the affidavit for removal was insufficient to give Justice Miller jurisdiction: first, because it had no venue (*Belden v. Devoe*, 12 Wend., 225, note; *Lane v. Morse*, 6 How. Pr. R., 394; *Cook v. Staats*, 18 Barb., 407; 1 Barb. Ch. Pr., 601); and secondly, because it does not appear that the defendant was the party who made the affidavit. *Hill v. Hoover*, 5 Wis., 354 (371); *Ex parte The Bank of Monroe*, 7 Hill, 177; *The People v. Perrin*, 1 How. Pr. R., 75; *Cunningham v. Goelet*, 4 Denio, 71; *Ex parte Shumway*, id., 258; *Staples v. Fairchild*, 3 N. Y., 41; *Payne v. Young*, 8 id., 158; R. S., ch. 120, sec, 47. Counsel further argued that by the last named statute the cause cannot be removed upon *affidavit* at all, but only upon *oath*.

LYON, J. The plaintiff commenced an action against the defendant before H. D. Menk, Esq., a justice of the peace of Fond du Lac county; and on the return day of the summons the parties appeared before the justice, and the defendant made and filed the following affidavit:

"THOMAS BURNS vs. MALACHY DOYLE.

"Malachy Doyle, being duly sworn, says that from prejudice he believes the justice before whom this cause is pending will not deal impartially in the matter. MALACHY DOYLE.

" Subscribed and sworn to before me this 30th day of September, 1869.   H. D. MENK, Justice of the Peace."

Justice Menk thereupon transmitted the papers in the case to Wm. Miller, Esq., who was the next nearest justice of the peace qualified by law to try the action. The defendant appeared specially before Justice Miller for the purpose of objecting to the jurisdiction of the latter justice, and moved to dismiss the proceedings for the reason that he had no jurisdiction of the action. The motion was denied, and the defendant made no further appearance therein. Justice Miller proceeded to try the action, and rendered a judgment therein for the plaintiff. The defendant brought a ʻcommon law *certiorari* to the circuit court for said county, and that court reversed the judgment of the justice, and judgment for costs was duly entered for the defendant. From the latter judgment the plaintiff appeals to tnis court.

The only question for adjudication is, whether there was a sufficient compliance with the statute in the proceedings before Justice Menk, to give Justice Miller jurisdiction of the action. Revised Statutes, ch. 127, sec. 47.

It is argued that the affidavit was insufficient to effect a removal of the cause, for the reason that it has no venue. This might be a serious objection to the jurisdiction of Justice Miller, if the statute requires an affidavit. But it does not. It only requires that the defendant shall " make *oath* that from prejudice or other cause, he believes such justice will not decide impartially in the matter," as the condition for the removal of the cause to another justice. This is precisely what the defendant did make oath to, and the imperfect affidavit contains the evidence of the fact, when read in connection with the entries in the docket of Justice Menk. Those entries are as follows: " Defendant appeared to make affidavit to remove cause. Affidavit made by the defendant, and filed. Motion granted. Cause removed to Wm. Miller of Alto ;" etc.

But it is said that the statute does not authorize the removal

of a cause upon an *affidavit*, and that if it does, the affidavit must be in due form, containing everything essential to its validity, including a venue.  This view of the question is founded upon the assumption that the *oath* and the *affidavit* are two separate and distinct things, which is not true.  The affidavit *includes* the oath, and may show what facts the affiant swore to, and thus be available as an *oath*, although it may be entirely unavailable as an *affidavit*.

Again, it is claimed that it does not appear that the defendant was the party who made the affidavit, and that Justice Miller could not properly take judicial notice from the record before him, that Malachy Doyle who subscribed the same, and the defendant, were one and the same person.

The justice had the certificate of Justice Menk to the effect that the defendant made an affidavit to remove the cause; that such affidavit was filed, and that it was annexed to such certificate and sent to Justice Miller.  He found the affidavit thus certified in the record transmitted to him, and the defendant .appeared and moved upon the record to dismiss the proceedings. We think that the justice properly took it for granted that the defendant made the affidavit, at least, until he made a formal denial of the fact.  It is worthy of notice, in this connection, that in his petition for a writ of *certiorari*, the defendant swears that he made the affidavit, and sets out a copy thereof in such petition.

We think the record shows that the defendant made the oath, before Justice Menk, required by the statute to authorize the justice to send the case to the next nearest justice qualified by law to try the same; and that Justice Miller had jurisdiction to hear, try and determine the action.

*By the Court.*—The judgment of the circuit court is reversed, and that of the justice affirmed.

A motion for a rehearing was denied.