STANDARD PAPER COMPANY, Respondent, vs. KRAUTHOEFER, Garnishee, Appellant.

*December 11, 1894 — January 8, 1895.*

*Voluntary assignment: Qualification of court commissioner: Presumption that he is not a creditor.*

It is not essential to the validity of a voluntary assignment that the county judge or court commissioner to whom the assignee's bond is delivered should certify that he is not a creditor of the assignor. His qualification to act will be presumed from his having received and filed the bond.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The appellant was summoned as garnishee of one Fahsel, and he answered, in substance, that he was not liable as such, for the reason that he held the credits, property, and effects of Fahsel by virtue of an assignment made to him by the latter for the benefit of his creditors, pursuant to the statute, and such assignment and accompanying proceedings were made a part of his answer, upon which the plaintiff moved for judgment. The only objection made to the assignment was that it was void for the reason that the court commissioner to whom it was delivered did not certify in his certificate and indorsement of the bond of the assignee, or the copy of the assignment filed with the clerk of the circuit court, that the commissioner was not a creditor of the assignor. The court gave judgment charging the defendant, as garnishee of Fahsel, in the amount of the plaintiff's judgment against him, and the defendant appealed.

For the appellant the cause was submitted on the brief of *Wegner & Lewis.*

For the respondent there was a brief by *Williams & Robinson* and *Orren T. Williams,* and the cause was argued orally by *Orren T. Williams.*

PINNEY, J.   The statute (R. S. 1878, sec. 1694) declares
that all voluntary assignments for the benefit of or in trust
for creditors shall be void "unless the assignee shall be a
resident of the state, and shall, before taking possession of
the property assigned, and before taking upon himself any
trust conferred upon him by the instrument of assignment,
deliver to the county judge or court commissioner of the
county in which such assignor or some one of the assignors
at the time of the execution of such assignment shall reside,
*not being a creditor of such assignor,* a bond duly executed
to the clerk of the circuit court of the county, by his name
of office, as obligee, in a sum not less than the whole amount
of the nominal value of the assets of such assignor, which
value shall be ascertained by the oath of one or more wit-
nesses and of the assignors, with two or more sufficient sure-
ties, freeholders of this state, who shall each testify to his
responsibility, and by their several affidavits satisfy the offi-
cer taking such bond that the property of such sureties,
being within this state, is worth in the aggregate the sum
specified therein; and the bond shall be conditioned," etc.;
and it is required by sec. 1695 to be filed, with a copy of
the assignment, in the office of the clerk of the circuit court
by the officer taking the same.   Sec. 1696 provides, in sub-
stance, that the assignees' consent to take upon themselves
the trusts specified in the assignment shall be evidenced by
written indorsement on the copy of the assignment to be
filed with the clerk of the circuit court, and that they shall
certify thereon that it is a true copy of the original assign-
ment, and the officer taking the assignment and bond is re-
quired to indorse on such copy his certificate to certain facts
therein stated.

Many cases have arisen in which there has been some real
or alleged failure to comply with the provisions of the sec-
tions above referred to, and, without citation or comment in

detail, it is sufficient to say that it is settled that the filing of the bond and the copy of the assignment, with the proper indorsements thereon, is a condition to passing the title to the assignee, as against the creditors of the assignor; that all the requirements of sec. 1696 are mandatory, and that the certificate required by it must be indorsed or written on the copy of the assignment, or the trust will not be lawfully created. *Shakman v. Schlueter,* 77 Wis. 403; *Grever v. Culver,* 84 Wis. 295. Neither sec. 1696 nor any other provision of the statute requires that there shall be indorsed on the copy of the assignment, or on the bond of the assignee, a certificate or statement that the county judge or court commissioner officiating in perfecting the assignment was not a creditor of the assignor. The statute does not contemplate that any certificate should be made or filed that the officer acting is not disqualified so to act. The presumption, in the absence of proof of any special objection, is that a public officer exercising judicial functions is qualified to act, and his acts as such are *prima facie* valid. While it has uniformly been held that all the requirements of the statute in respect to filing the bond and a copy of the assignment with the certificates expressly required are mandatory, we find no warrant in the statute or in any previous decision for holding that a certificate by the county judge or court commissioner that he was not a creditor of the assignor at the time is essential to the validity of the assignment. His qualification to act will be presumed, like the fact that he was satisfied that the property of the sureties being within this state was worth in the aggregate the sum specified in the bond, from having received and filed it with the assignment as required by law. *Lindsay v. Guy,* 57 Wis. 200. The essential qualifications of sureties, however, must be shown by certificate on the bond of the assignee, and will not be presumed. *Auley v. Osterman,* 65 Wis. 118.

The objection to the validity of the assignment is not well taken, and the judgment of the circuit court must therefore be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.