MORRELL, Respondent, vs. GLASSPOOLE, Appellant.

*September 3—September 24, 1901.*

*Appeal from judgment: Orders reviewable: Justices' courts: Removal for prejudice: Amendment of affidavit.*

1. Where an action had been removed from a justice of the peace on the ground of prejudice, and then taken by appeal to the circuit court, an order of the circuit court permitting the justice to attach his signature *nunc pro tunc* to the jurat of the affidavit of prejudice is reviewable on appeal from the judgment of the circuit court, under sec. 3070, Stats. 1898, although not brought into the record by a bill of exceptions. *Hewitt v. Follett,* 51 Wis. 264, followed.

2. Such amendment of the affidavit was properly permitted under sec. 2830, Stats. 1898, upon proof that the oath had in fact been administered by the justice and that all requirements of sec. 3616 had been met, the oath being sufficient even without an affidavit.

APPEAL from a judgment of the circuit court for St. Croix county: A. J. VINJE, Judge. *Affirmed.*

This action was commenced in justice's court. On the return day the defendant appeared and filed an affidavit of prejudice, with a request that the case be removed to the

county court of St. Croix county under sec. 4, ch. 119, Laws of 1899. The case was so removed, and the trial was had. An appeal was taken to the circuit court. There it was discovered that the justice before whom the oath of prejudice was taken had failed to sign the jurat. The plaintiff then procured the affidavit of the justice to the effect that upon the return day the defendant actually made the oath to the affidavit filed, but that through inadvertence and mistake he failed to attach his signature to the jurat. Thereupon the circuit court entered an order permitting the justice to sign the jurat to the affidavit contained in the record, and provided that when so signed it was to have the same force and effect as if signed before it was filed with the justice. The case was then tried, and judgment entered for the plaintiff. No exception was taken to the order mentioned, and no bill of exceptions was settled. The defendant has taken an appeal from the judgment, and seeks to attack the validity of said order.

*A. J. Kinney,* for the appellant, contended, *inter alia,* that the justice does not certify that the defendant "made affidavit" or "made oath." He merely says that the defendant *delivered* such an affidavit. A docket entry that an affidavit was made and filed is not sufficient evidence of that fact. The affidavit must show for itself. *Wells v. Am. Exp. Co.* 55 Wis. 23, 33. See, also, *Detroit S. Co. v. Kelly,* 78 Wis. 134; *Conley v. Conley,* 78 Wis. 665; *Billings v. Noble,* 75 Wis. 325; *Steen v. Norton,* 45 Wis. 412; *Maguire v. Bolen,* 94 Wis. 48; *Hager v. Falk,* 82 Wis. 644. The so-called affidavit of prejudice was not an imperfect affidavit — it was not an affidavit at all. *Kidder v. Fay,* 60 Wis. 218; *Appeal of Royston,* 53 Wis. 612. The theory on which a defective affidavit is held good as an oath is that it contains a certificate that the oath has been administered. The fact that the affidavit was sworn to cannot be established by affidavit. *Kidder v. Fay,* 60 Wis. 218; *Klauber v. Charlton,*

47 Wis. 564, 572; *People ex rel. Rogers v. Spencer*, 55 N. Y. 1. In the following cases an unsigned or otherwise defective jurat has been held to invalidate the affidavit: *Holmes v. Crooks*, 56 Neb. 466; *Alabama Nat. Bank v. Chattanooga D. & S. Co.* 106 Ala. 663; *Smith v. Lyons*, 80 Ill. 600; *Ferris v. Commercial Nat. Bank*, 158 Ill. 237; *Missouri Pacific R. Co. v. Brown*, 53 S. W. Rep. 1019; *Whitehead v. Hamilton R. Co.* 53 N. J. Eq. 454; *Robinson v. Gregg*, 57 Fed. Rep. 186; *Hommer v. McCartney*, 2 Colo. App. 422.

For the respondent the cause was submitted on the brief of *W. F. McNally.*

BARDEEN, J.   The defendant is seeking to take advantage of a mistake made in a proceeding instituted by him to remove the case from the justice before whom this action was commenced.   The statute (sec. 3616, Stats. 1898) provides that if the defendant shall "make oath that, from prejudice or other cause, he believes that such justice will not decide impartially," the justice shall transmit the papers to some other magistrate. *Burns v. Doyle*, 28 Wis. 460, decides that this statute does not require the party to make an affidavit, but only an oath.   The record of the justice recites that the "defendant appeared in person and delivered to the court an affidavit for a change of venue on the ground of prejudice."   The case was accordingly removed, was tried in county court, and appealed to the circuit court, where the proceedings mentioned in the statement were duly taken. The question is raised whether the order of the circuit court permitting the amendment of the affidavit was such a one as this court might review under section 3070, without its being brought into the record by a bill of exceptions. Upon the authority of *Hewitt v. Follett*, 51 Wis. 264, we shall assume that the order mentioned is one properly reviewable on an appeal from the judgment.

The remaining question is whether the amendment to the affidavit was such a one as might properly be permitted under sec. 2830, Stats. 1898. We think it was. In *Lederer v. C., M. & St. P. R. Co.* 38 Wis. 244, the defendant took an appeal, but the notary, by inadvertence, omitted to sign the jurat to the affidavit of appeal. On a motion to dismiss, it was shown that the oath had been actually administered. The motion was denied, and the court authorized the notary to sign as of the day on which the affidavit was in fact made. This court approved the procedure under the provisions of the statute mentioned. Again, in *State ex rel. Weber v. Cordes*, 87 Wis. 373, where the notary omitted to sign the jurat to the verification of a petition for a writ of *certiorari*, it was held proper to allow the defect to be cured by his signing *nunc pro tunc*. Here all the requirements of sec. 3616 had been complied with. The defendant had made the oath in due form before the justice. The case was then removed to the county court upon a record which showed that such affidavit had been filed. Had the mistake of the justice been discovered, the error could have been corrected in that court. So long as the oath had in fact been administered, and all the demands of the statute had been met, we see no reason why, when it was discovered that the jurat to the affidavit had been omitted, it could not be corrected, even after the case got into circuit court. The record of the justice showed that an affidavit of prejudice had been duly presented. But it is said the affidavit so presented was unsigned, and was no affidavit, under the ruling of *Kidder v. Fay*, 60 Wis. 218. The same contention was raised in *Burns v. Doyle*, 28 Wis. 460. The affidavit presented and preserved in the record had no venue laid. It was contended that the statute did not authorize the removal of a cause upon an affidavit, and that if it does the affidavit must be in due form, containing everything essen-

tial to its validity, including a venue. In disposing of this contention the court made use of the following language:

"This view of the question is founded upon the assumption that the oath and the affidavit are two separate and distinct things, which is not true. The affidavit includes the oath, and may show what facts the affiant swore to, and thus be available as an oath, although it may be entirely unavailable as an affidavit."

Other language in this opinion is applicable to the facts in this case, but need not be here repeated. We are satisfied that the record transmitted by the justice to the county court was sufficient to show jurisdiction, and that the defect in the affidavit was properly cured under the terms of the statute cited.

*By the Court.*— The judgment is affirmed.