The State ex rel. Weber vs. Cordes.

THE STATE EX REL. WEBER, Respondent, vs. CORDES, Appellant.

*March 16 — April 10, 1894.*

(1, 2) *Justices' courts: Garnishment: Jurisdiction: Notice: Special appearance.* (3) Certiorari: *Omission of signature to jurat: Amendment.*

1. In garnishment proceedings before a justice of the peace the notice of attachment prescribed by sec. 3713, S. & B. Ann. Stats., was published by mistake instead of the notice provided for in sec. 3718. *Held*, that the justice acquired thereby no jurisdiction of the principal defendant.

2. An appearance by the principal defendant in the garnishment proceedings for the purpose of claiming that the money owing to him by the garnishee was exempt, was not an appearance in the main action so as to confer jurisdiction of his person therein.

3. Where the notary omitted to sign the jurat to the verification of a petition for a writ of *certiorari*, it was proper, upon a motion to quash the writ, to allow the defect to be cured by his signing *nunc pro tunc*.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

For the appellant there was a brief by *Kinne & Curtis*, and oral argument by *Herbert Kinne*.

*J. E. Wildish*, for the respondent.

ORTON, C. J.     This is a writ of *certiorari* from the circuit court of Milwaukee county to George P. Harrington, Esq., a justice of the peace of said county, who rendered the judgment in favor of the plaintiff in the case before him of *H. Cordes against Jacob Weber*. The circuit court made an order overruling the motion of the appellant to quash the writ, and rendered judgment reversing the judgment of the justice, and this appeal is from said order and judgment.

The proceedings before the said justice are substantially as follows: The summons in the case of *H. Cordes against Jacob Weber* was issued May 15, 1893, on a demand of about $87, returnable May 29, 1893. The constable having the summons returned it with the indorsement that the defendant could not be found within the county, and on the return day the case was called, and the defendant did not appear, whereupon the justice caused the following notice to be published in the Milwaukee Daily News on May 31, 1893: "Milwaukee County, City of Milwaukee — ss.: In Justice Court. *To Jacob Weber:* You are are hereby notified that a warrant of attachment has been issued against you and your property attached to satisfy the demand of *H. Cordes*, amounting to $87. Now, unless you shall appear

before George P. Harrington, a justice of the peace in and for said county, at his office in said city, on the 19th day of June, 1893, at 2 o'clock in the afternoon, judgment will be entered against you, and your property sold to pay the debt. Dated this 29th day of May, 1893. [Signed] H. Cordes, Plaintiff." At the time fixed in this notice for the appearance of the defendant, the case was again called; and the defendant appeared specially by J. E: Wildish, Esq., his attorney, and moved to dismiss the action for want of jurisdiction, on the ground that there is no such case of attachment as stated in the notice. The justice overruled the motion, and the defendant did not otherwise appear to the action. The plaintiff proved the publication of the notice and his cause of action; and the justice took the matter under advisement until June 22, 1893, at 2 o'clock P. M., and at that time rendered judgment against the defendant for $87 damages and $3.40 costs.

At the time the summons in the action was issued, there was also a garnishee summons issued against the Northwestern Malleable Iron Company, and duly served on said company on May 15, 1893, and the constable again returned that the defendant could not be found. At the time of the hearing on May 29, 1893, the plaintiff appeared, and the garnishee company appeared and answered by its agent that it had in its hands the sum of $33.25 belonging to the defendant, and the plaintiff was satisfied with the answer, and the defendant did not appear; and the garnishee was ordered to hold said money until the further order of the court, and the garnishee proceedings were then adjourned until June 19, 1893. At that time the defendant appeared in person and by attorney before the justice, and claimed that said money in the hands of the garnishee was exempt, as his wages, for the support of his wife and children; but the justice ordered the garnishee to pay the money into court within ten days.

The circuit court reversed the judgment on the ground that the justice acquired no jurisdiction of the defendant, and the court was clearly right. The defendant was never served with summons, and never appeared to the action. The justice attempted to get jurisdiction of the defendant by the notice above set out, but that notice is only applicable to an attachment suit, as provided in sec. 3713, S. & B. Ann. Stats. The notice to the defendant, in case of summons and garnishee, is provided for in sec. 3718. The justice made a mistake of the section, and published the wrong notice. It was the same as no notice. The defendant appeared in answer to this wrong notice, specially, to object to the jurisdiction pretended to be conferred by it, as he had the right to do, without submitting himself generally to the jurisdiction of the court.

The learned counsel of the appellant contends that the defendant's appearance to the garnishee proceeding was an appearance in the action.

*First,* did the defendant appear to those proceedings? The garnishee was summoned to appear and answer on May 29, 1893, and did so appear and answer, and the plaintiff was satisfied with its answer; and it was ordered to hold the money until the further order of the court. And this ended the matter, so far as the garnishee was concerned. The defendant did not appear at that time, and therefore he did not appear to the garnishee proceedings. Nearly a month afterwards, on the 19th day of June, when he heard that the court was about to order the money the garnishee owed to him for his labor paid over to the use of the plaintiff, he appeared before the justice and claimed his exemption of that money as his wages under the statute. This was a privilege that he was compelled to exercise. This was an appearance for a *special* purpose, and that purpose had nothing to do with the matters of the main action. It was entirely separate and distinct from, and independent of,

the damages sued for in the action, Nor was it an appearance to the garnishee proceeding at the time when the garnishee was required to appear and answer.

But, *secondly*, if this special appearance to claim his exemption was a general appearance to the garnishee proceeding, was that an appearance in the action? The service of the garnishee summons was the commencement of an action against the garnishee. R. S. sec. 3720; *Garland v. McKittrick*, 52 Wis. 261. It is a new and another action, and distinct from the main action. An appearance in one action cannot, in the nature of things, be an appearance in another action. Mr. Justice TAYLOR, in *Beaupre v. Brigham*, 79 Wis. 436, said: "Had he [the defendant] formally made himself a party to the garnishee action, still we think he could have objected to the recovery of the plaintiffs against the garnishees, on the ground that no valid judgment had been obtained against him, as the statute makes that an absolute prerequisite to a recovery against the garnishees." This language is conclusive of this question. The defendant had not been served with process or constructively by the notice published, and had never appeared to the main action. Notwithstanding this, the justice was about to transfer money to the plaintiff which the garnishee owed to him, and he appeared and claimed that it was exempt. This was like a levy of an execution upon the defendant's property on a judgment void for want of jurisdiction of him by service of process or by his appearance, and he claims the property as exempt. No one would contend that such a claim would be an appearance in the action and make the judgment valid. May the defendant not object, with impunity, to having his property taken away from him on a void judgment? But this is more than sufficient to show that the judgment was rendered by the justice without jurisdiction, and that the circuit court did not err in reversing it.

The only remaining question is, Did the circuit court err in refusing to quash the writ of *certiorari?* The ground of the motion was that the notary public who had taken the affidavit of the respondent omitted to sign his name to the jurat. The court very properly allowed that officer to sign his name *nunc pro tunc,* to cure the defect. This was an amendment within the discretion of the court. *Lederer v. C., M. & St. P. R. Co.* 38 Wis. 244.

*By the Court.*— The judgment of the circuit court is affirmed.