[Civ. No. 19929. First Dist., Div. One. Sept. 21, 1961.]

ANN SAWDEY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; ROLLAND K. SAWDEY, Real Party in Interest.

Jerome L. Schiller and Walter K. Olds for Petitioner.

No appearance for Respondents.

Frances L. Hancock and Gordon C. Wright for Real Party in Interest.

THE COURT.—Petition for writ of mandamus.

The petitioner herein seeks a writ of mandamus which would compel the court below to restore to the pretrial calendar and to set for trial an action for divorce in which she is plaintiff and cross-defendant. The petition presents for original determination by this court several issues concerning the application of the conciliation court law.

The matter arose in this way: The petitioner filed an action for divorce in the Superior Court in and for the City and County of San Francisco, which, after answer and cross-

complaint, duly came on for pretrial conference. At the pretrial conference, without prior notice, the defendant and cross-complainant husband filed a petition for conciliation. Over petitioner's objections, the court orally granted the petition and referred the matter to the domestic relations commissioner for proceedings in connection therewith.

To the commissioner's request that she make an appointment for an interview, the petitioner responded through counsel that she had no intention of effecting a reconciliation with her husband, and that the interview would serve no useful purpose. She was informed by the commissioner through her counsel, that notwithstanding her views, it was necessary for her to "report for a hearing regarding the possibility of reconciliation," and that this was required before the matter could be transferred from the "Court of Conciliation and back to the Domestic Relations Court."

Around this time, 30 days having elapsed since the pretrial proceedings, the petitioner filed a notice of motion to restore her action to the pretrial calendar and to set it for trial. Upon hearing the motion, and the aforementioned facts having been elicited, the court announced that the action would not be restored until petitioner reported for an interview as directed. Petitioner thereafter informed the domestic relations commissioner that she would appear in the company of her counsel. She was advised by the commissioner that conciliation interviews were conducted privately with the parties, and that their attorneys were excluded. Subsequently, and apparently in the absence of further developments, the court entered its order denying the petitioner's motion to restore the divorce action to the pretrial calendar. From this has resulted the petition for a writ of mandamus.

The petitioner contends that the court's disposition of the petition for conciliation was contrary to the provisions of the conciliation court law. (Code Civ. Proc., §§ 1730-1772.) In her view sections 1766 and 1771 of the law require that a preliminary hearing be held on the petition for conciliation, in which hearing the court must find from facts adduced that the welfare of a minor child may be adversely affected by the dissolution of the marriage and that there appears some possibility of reconciliation. She contends that without this hearing and consequent finding the court has no jurisdiction to refer the matter for conciliation.

Section 1771 provides one of the means by which the facilities of the conciliation court may be invoked. It states

that: "Whenever any action for divorce, annulment of marriage, or separate maintenance is filed in the superior court, and it appears to the court at any time during the pendency of the action that there is any minor child of the spouses or of either of them whose welfare may be adversely affected by the dissolution or annulment of the marriage or the disruption of the household, and that there appears to be some reasonable possibility of a reconciliation being effected, the case may be transferred to the conciliation court for proceedings for reconciliation of the spouses or amicable settlement of issues in controversy, in accordance with the provisions of this chapter."

The action of a court under this section is by its very terms not made to depend upon a finding pursuant to formal hearing that the facts requisite for court action exist. It need only "appear" to the court that there are minor children whose welfare may be adversely affected and that there is some reasonable possibility of reconciliation.

The expressed purpose of the conciliation court law is to "protect the rights of children and to promote the public welfare by preserving, promoting, and protecting family life and the institution of matrimony, and to provide means for the reconciliation of spouses and the amicable settlement of domestic and family controversies." (Code Civ. Proc., § 1730.) Clear legislative intent that no technicalities limit the manner by which the services of the conciliation court may be enlisted in aid of the parties to a disturbed marriage is manifested in the simplicity and variety of the means by which the proceedings may be initiated. Under section 1761, either party to the marriage, or both, may by petition seek assistance either where no divorce is contemplated, or where outside help is sought as a last resort before dissolution of the marriage. Section 1770 would permit either or both to do so during the pendency of an action to dissolve the marriage. Distinct from these provisions is that of section 1771, which enables the court itself to initiate conciliation proceedings. To read into these provisions as has petitioner the requirement that a preliminary hearing he had on the petition itself would interject into the proceedings an element of formality which the Legislature has implicitly deemed undesirable.

Section 1766 provides: "The court shall fix a reasonable time and place for hearing on the petition, and shall cause such notice of the filing of the petition and of the time and place of the hearing as it deems necessary to be given to the

respondents. The court may, when it deems it necessary, issue a citation to any respondent requiring him to appear at the time and place stated in the citation, and may require the attendance of witnesses as in other civil cases.'' The purpose of this section is indicated by its position in the statutory scheme. Prior sections deal with the petition—the right thereto (§ 1761), the form (§ 1762), the contents (§ 1763), and costs (§§ 1764, 1765). Section 1767 assures flexibility of time and place in conducting the hearings. Section 1768 provides in part that ''[t]he hearing shall be conducted informally as a conference or series of conferences'' and provides for the aid of experts and specialists. Sections 1769 and 1770 relate to orders at or after the hearing and to restraints upon the rights of the parties to attempt dissolution of the marriage. Taken as a whole, these sections obviously contemplate only one type of hearing, that in which reconciliation of the marital differences is attempted. We think it clear that the interpretation urged by petitioner is not sustained by a fair appraisal of the sections indicated.

 The petitioner next contends that no court order was made requiring her to report, nor was any order served upon her indicating any requirement that she report to the domestic relations commissioner. Section 1766 provides that the court shall fix a reasonable time and place for hearing of the petition and shall cause such notice of the filing of petition and the time and place of hearing as it deems necessary to be given to the respondents. Under this section notice of the filing of the petition was sufficient, where as in this case, plaintiff was present when it was filed. No time or place was fixed for the hearing on the petition. This the conciliation court should do. After fixing a time and place for the hearing, such notice thereof as the conciliation court deemed necessary should be given. The commissioner requested petitioner by letter to phone for an appointment for the hearing. This is not the fixing of a time for the hearing, and it was not done by the court. The court should take these necessary steps to provide for the anticipated hearing on the petition.

 The petitioner next contends that the court had no power to restrain her right to proceed in the divorce action beyond the 30-day limit set forth in section 1769. That section reads in part as follows: ''At or after hearing, the court may make such orders in respect to the conduct of the spouses and the subject matter of the controversy as the court deems necessary to preserve the marriage or to imple-

ment the reconciliation of the spouses, but in no event shall such orders be effective for more than 30 days from the hearing of the petition, unless the parties mutually consent to a continuation of such time.'' The petitioner contends that any hearing that may be said to have taken place occurred at the time of the pretrial conference, and that since the 30-day period had elapsed by the time her motion to restore was made, she had a right to have the motion granted and to proceed with the action. The hearing contemplated by section 1769 of the conciliation court law is that by which reconciliation of the parties is sought to be effected. No such hearing has been held. Hence, the thirty days provided by that section has not yet started to run. The petitioner has no basis for complaint of the court's refusal to restore her action to the pretrial calendar prior to conclusion of the conciliation proceedings.

■ Finally, petitioner contends that the conciliation court law does not permit the denial of her right to be accompanied by counsel during the conciliation hearing. The only reference in the law regarding the presence of counsel is contained in section 1747, the applicable portions of which state: ''Notwithstanding the provisions of Section 124 of the Code of Civil Procedure, all superior court hearings or conferences in proceedings under this chapter shall be held in private and the court shall exclude all persons except the officers of the court, the parties, their counsel and witnesses. Conferences may be held with each party and his counsel separately and in the discretion of the judge, commissioner or counselor conducting the conference or hearing, counsel for one party may be excluded when the adverse party is present.'' It is to be noted that the section deals with the privacy of the conciliation proceedings. The first sentence of the section states who must be excluded. The second sentence deals with those who may be excluded. It provides conferences may be held with each party and his counsel separately. While the sentence is not free from doubt the interpretation most consistent with the objectives of the conciliation court law is that a conference may be held with each party alone and with each attorney alone. A conference with only the commissioner and a party or only the commissioner and an attorney present encourages the parties to speak more freely than they would under any other circumstances. (Burke, Conciliation Court, Cont. Ed. of the Bar, Family Law, ch. 12, p. 48.) We conclude that the commissioner had

the power to require that petitioner attend the conference without her counsel.

The alternative writ of mandate is discharged and the petition is denied.

BRAY, P. J., and TOBRINER, J.—This opinion was written prior to his death by Honorable Ralph E. Hoyt, duly assigned to sit pro tempore with this court. We adopt it as the opinion of the court.