ANNA M. O'DAY *vs.* SCHOOL COMMITTEE OF WEST BROOKFIELD.

Worcester.   September 25, 1961. — November 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & KIRK, JJ.

*Mandamus. School and School Committee. Retirement. District Court, Jurisdiction,* Review of decision of retirement board. *Pleading, Civil,* Demurrer. *Words,* "Bring."

A public school teacher employed at discretion, who failed to bring a petition in the District Court under G. L. c. 32, § 16 (3), as amended, for review of a decision of the teacher's retirement board under § 16 (1) (2) upholding her discharge by the school committee, could not maintain a mandamus proceeding against the school committee to secure her reinstatement.  [124–125]

Although a public school teacher, within thirty days after certification of a decision by the teacher's retirement board under G. L. c. 32, § 16 (1) (2), upholding her discharge by the school committee, filed a petition in a District Court for review of the decision under § 16 (3), she did not "bring" the petition for review within § 16 (3) where it appeared that no process was issued upon her petition within such thirty days; the District Court acquired no jurisdiction of her petition and rightly dismissed it.  [125]

An assertion in the petition in a mandamus proceeding that the petitioner had "exhausted her statutory remedies" stated a conclusion of law not admitted by a demurrer to the petition.  [125]

PETITION for a writ of mandamus filed in the Superior Court on January 11, 1960.

The case was heard by *Meagher, J.,* on demurrer.

*Philip J. Murphy,* for the petitioner.

*Herman J. Dumas,* for the respondent.

WILLIAMS, J. This is an appeal by the petitioner from an order of the Superior Court sustaining a demurrer to her petition for a writ of mandamus against the members of the school committee of West Brookfield. The petition alleged that she was a school teacher in the town of West Brookfield having held that position at the discretion of the committee since 1920. On September 4, 1957, she received two written notices from the school committee each dated September 3, 1957. In one she was notified of her suspension from her position as of September 3 for conduct unbecoming a teacher, and in the other that the committee intended to vote on her dismissal at its meeting October 7. On September 12, she requested in writing a written statement of the charges and causes for which her dismissal was proposed and requested a hearing. The charges, containing some twenty-one items under the headings of "A. Insubordination," "B. Conduct Unbecoming a Teacher," and "C. Other Good Cause," were furnished her. See G. L. c. 71, § 42. On October 7, 1957, and February 13–14, 1958, hearings were held before the school committee at which she was represented by counsel. On their conclusion the committee voted to dismiss her. On June 4, 1958, the committee filed with the teachers' retirement board a written notice containing a summary of the facts on which "purportedly" the action of the committee was based, which "was not a fair summary" of the facts. Hearings were held before the retirement board on June 27 and November 25, 1958, and on December 5 the board filed a certificate upholding the action of the school committee. The board found that in its procedure the committee complied with the law; that the "fair summary" of the facts submitted by the committee was substantiated by evidence at the hearings; and that the committee was justified in dismissing the petitioner.

On December 31, 1958, the petitioner filed a petition for review with the District Court of Western Worcester. No order of notice was issued by the court and on March 4, 1959, the respondent committee filed a motion to dismiss the

petition for review. After hearing on the motion, the petition was dismissed on January 11, 1960, on the ground that no process was taken out or issued within thirty days after the certification by the board.

The petition for a writ of mandamus concluded with allegations that "[Y]our petitioner has exhausted her statutory remedies" and that "For all the reasons stated and relied upon above, your petitioner claims that the vote of said school committee dismissing your petitioner . . . was illegal and void; that the purported letter of suspension dated September 3, 1957, actually constituted dismissal without notice or hearing; that the action of the retirement board was unjustified, illegal and void, and that in contemplation of law your petitioner is still entitled to the position of teacher . . . ."

The petitioner prayed that a writ issue to reinstate her as teacher and to restore her back pay from September 3, 1957.

The respondents demurred on six grounds, the principal averment being that the petition does not set forth "a cause or matter which as a matter of law entitles the petitioner to any relief by way of a writ of mandamus."

The right of the petitioner to try the legality of her dismissal by mandamus was settled by our decision in *Duncan v. School Comm. of Springfield,* 331 Mass. 738. There we said, pp. 741–742, referring to G. L. c. 32, § 16 (1) (2) and (3), as amended, that "The Legislature has provided a comprehensive method by which a teacher, who claims to be aggrieved by the action of a school committee, may test the propriety of such action first before the retirement board and secondly before a District Court. . . . [A] writ of mandamus is not available to one who will not or does not adopt the statutory method afforded for his relief. *Ullian v. Registrar of Motor Vehicles,* 325 Mass. 197. *Rines v. Justices of the Superior Court,* 330 Mass. 368." In the *Duncan* case, the petitioner had not requested a hearing by the teachers' retirement board in accordance with § 16. In the present case the petitioner failed to "bring" a petition for review in the District Court within thirty days

after the certificate of the decision of the retirement board. § 16 (3). She did not "bring" her petition within the meaning of the term as used in the statute because after the petition was filed no process was issued upon it. *Mayor of Revere* v. *Special Judge of the Dist. Court of Chelsea,* 262 Mass. 393, 395–397. The District Court acquired no jurisdiction of the petition and it was rightly dismissed. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 10. It appears that the petitioner has not exhausted her statutory remedies and her averment to the contrary is not admitted by demurrer. *Morin* v. *Ellis,* 285 Mass. 370, 374. As the demurrer was sustainable on the ground above quoted, we need not consider the other grounds alleged.

*Order sustaining demurrer affirmed.*
*Judgment for the respondents.*