442 P.2d 169

Arlene V. RODRIGUEZ, Appellant,

v.

Carlos A. RODRIGUEZ, Appellee.

No. 2 CA–CIV 433.

Court of Appeals of Arizona.

June 20, 1968.

**6**

Kain, Geyler & Bird by Sidney L. Kain, Tucson, for appellant.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for appellee.

HATHAWAY, Chief Judge.

This appeal is taken from a Pima County superior court judgment dissolving the bonds of matrimony between appellant and appellee and awarding custody of the minor children of the parties to the appellant. The correctness of the trial court's refusal to award Mrs. Rodriguez support for herself and the minor children and attorney's fees and costs is the subject of this review.

The Rodriguez family had been residents of the State of New York until June, 1964, when the appellant came to Arizona with the two minor children. Prior to this time, neither party had ever been in Arizona and at all times pertinent to these proceedings the appellee was a resident of New York State. On June 25, 1965, the appellant filed a complaint in superior court seeking dissolution of the marriage and custody of the minor children and admitting there was no community property in the state of Arizona or under the jurisdiction of the court. An affidavit of appellee's non-residency was filed at the same time. On June 28, 1965, a letter invitation to conciliate, signed by Pima County superior court Judge Garrett, was sent to the appellee. Enclosed in the letter was a pamphlet describing the function and purposes of the conciliation court.

On July 2, 1965, a copy of the complaint and summons were delivered to the appellee personally in New York. Thereafter on July 12, the conciliation court director wrote to the appellee in New York, stating:

"Enclosed for your consideration please find original and two copies of Petition for Conciliation. These should be signed and returned to this office in order that an appointment be arranged for both you and Mrs. Rodriguez.

"The filing of the petition will stay the divorce action for a period of sixty days. If during this time you are unable to resolve your difficulties, you should retain legal counsel unless you wish the action to go by default when the sixty days have expired."

On July 15, the appellee responded to the foregoing by letter and enclosed therein the executed petition for conciliation together with two copies. On July 22, he once again wrote to the conciliation director enclosing therein a "petitioner's declaration" which he had received from the conciliation court and made reference to the fact that he would be in Tucson for a July 30 meeting (apparently a hearing to be conducted by the director of conciliation in accordance with A.R.S. § 25–381.16). A minute entry dated July 16 recites that a petition for conciliation was filed that date and:

"It is ordered this case be transferred to Div. Two for all further proceedings during pendency of said petition * *."

On July 23, the appellant filed her first amended complaint and procured issuance of alias summons. This complaint, in addition to the relief requested in the original complaint, sought alimony, child support, division of out-of-state property, and attorney's fees. According to appellee's affidavit, which remains uncontroverted in the record, he came into the state of Arizona on or shortly before July 30 for the sole purpose of attending the conciliation conference. On the day of the conference, July 30, service of the alias summons and first amended complaint was made on appellee outside of Room 18, Pima County Courthouse.

On August 3, the appellee filed an answer alleging, inter alia, that the court had no personal jurisdiction over him since he was a resident of New York state and that the sole reason for his presence in Arizona was

in response to Judge Garrett's invitation to avail himself of the services of the conciliation court. On January 4, 1966, with appellee's consent, the court ordered substitution of counsel for him in the divorce action. On March 17, appellee's counsel moved for summary judgment as to the amended complaint on the ground that the court had no personal jurisdiction over the appellee. By minute entry, dated April 15, the first amended complaint was dismissed. An appeal from this minute entry order was perfected to this court which subsequently was dismissed, without written opinion, for the reason that the order was not in appealable form as required by Rule 58(a), as amended, Rules of Civil Procedure, 16 A.R.S. The record was returned to the superior court.

Thereafter, with leave of court, appellant filed a second amended complaint identical to the previously dismissed complaint, alias summons issued, and on November 22 service of copies of the alias summons and second amended complaint was made on appellee's attorney of record at his office in Tucson.

On December 9, appellee's counsel moved to dismiss the second amended complaint and to quash service of process. On January 20, 1967, the court ordered dismissal of the second amended complaint and quashal of the service of process, finding that the filing of a petition in the court of conciliation by an out-of-state resident did not submit him to the full jurisdiction of the Arizona courts as to alimony, child support, attorney's fees and property division, that the appellee's physical appearance in Arizona and conference with the conciliation director was not an act or appearance as would submit him to personal service while in the jurisdiction or subject him to service at a later date under Rule 4(e), as amended, Rules of Civil Procedure, and that the defendant had not made such an appearance as would make service upon his attorney effective as personal service upon appellee.

The case was thereafter tried on the original complaint and the appellant was granted a divorce from the appellee and awarded custody and control of the two minor children subject to reasonable visitation rights of the appellee.

### DID THE TRIAL COURT ERR IN DISMISSING THE FIRST AMENDED COMPLAINT?

A.R.S. § 25–381.18 provides in part:

"A. During a period beginning upon the filing of a petition for conciliation and continuing until sixty days after the filing of the petition for conciliation, neither spouse shall file any action for divorce, annulment, separate maintenance, or separation from bed and board and, *upon the filing of a petition for conciliation, proceedings then pending in the superior court shall be stayed* and the case transferred to the conciliation court for hearing and further disposition as provided in this article * * *.

"B. If, however, after the expiration of such period, the controversy between the spouses has not been terminated * * either spouse may proceed with the action *previously stayed* * * *."
(Emphasis supplied)

As noted above, appellee filed a petition for conciliation on July 15, 1965. The mere filing of this petition operated as a stay of the divorce proceedings then pending. A.R.S. § 25–381.18, supra. The effect of a stay of proceedings is to stop all progress in the action and prevent the taking of any further steps during the period of the stay, i. e., the status quo is preserved. In re Lamm's Estate, 246 Iowa 300, 67 N.W.2d 613 (1954); Gores v. Rosenthal, 148 Conn. 218, 169 A.2d 639 (1961); Humble Oil & Refining Company v. Great Northern Railway Company, 212 F.Supp. 747 (D.Mont.1962); 1 C.J.S. Actions § 137.

The term "proceeding" includes all steps necessary to be taken in the prosecution of an action, 1 C.J.S. Actions § 1, and includes the issuance and service of

process. O'Day v. School Committee of West Brookfield, 343 Mass. 122, 177 N.E. 2d 569 (1961). During the sixty day period following July 15, no further steps could be taken in the divorce action. We therefore conclude that the filing of the first amended complaint and the issuance of an alias summons had no validity. In re Lamm's Estate, supra. Such being the case, the trial court did not err in striking appellant's amended pleading and quashing service of process.[1]

## DID THE TRIAL COURT ERR IN DISMISSING THE SECOND AMENDED COMPLAINT?

■ No responsive pleading having been filed thereto, the complaint was vulnerable to attack, by motion or by raising the defenses in an answer, on the grounds of lack of jurisdiction over the person. Rule 12(b), as amended, Rules of Civil Procedure, 16 A.R.S. Jurisdictional issues may be waived by a nonresident defendant, Liston v. Butler, 4 Ariz.App. 460, 421 P.2d 542 (1966); Rule 12(i), subd. 1, as amended, Rules of Civil Procedure, 16 A.R.S., but such is not the case here. The appellee, in the divorce proceedings, timely asserted the jurisdictional challenge by motion pursuant to Rule 12(b), supra.

■ We cannot accept appellant's contention that, by filing a petition for conciliation, the appellee submitted himself to the jurisdiction of the court in the adversary proceeding, thereby waiving the jurisdictional defense.

Art. 7, Title 25, Arizona Revised Statutes, enacted in 1962, established the court of conciliation. A.R.S. § 25–381.01 describes its purpose:

"The purposes of this article are to promote the public welfare by preserving, promoting and protecting family life and the institution of matrimony, to protect the rights of children, and to provide means for the reconciliation of spouses and the amicable settlement of domestic and family controversies."

Our conciliation statutes, with minor differences, are very much like those of California. (Code Civ.Proc. § 1730 et seq.) As pointed out in Sawdey v. Superior Court etc., 195 Cal.App.2d 729, 16 Cal.Rptr. 156 (1961):

"Clear legislative intent that no technicalities limit the manner by which the services of the conciliation court may be enlisted in aid of the parties to a disturbed marriage is manifested in the simplicity and variety of the means by which the proceedings may be initiated.

\* \* \* \* \* \*

"Taken as a whole, these sections [of the California Code governing administration of the conciliation courts] obviously contemplate only one type of hearing, that in which reconciliation of the marital differences is attempted." 16 Cal.Rptr. at 158.

In view of the avowed purpose of the conciliation statutes, i. e., preservation of family life and protection of the rights of children, to hold that appellee's filing of a petition for reconciliation, made in good faith and in response to an invitation by this state through its courts, constituted a consent to jurisdiction over his person, would operate to defeat and thwart the very purpose of the conciliation procedure. Consequently, we decline to so hold.

We find no error in the dismissal of the second amended complaint and the trial court's findings in relation thereto.

## DID THE TRIAL COURT ERR IN LIMITING THE JUDGMENT RENDERED?

■ The case went to trial on the original complaint which had been served on appellee in New York. Under the circumstances, this was proper. Although a superseded pleading becomes functus officio, Buehman v. Smelker, 50 Ariz. 18, 68

---

1. The answer filed by the appellee, directed to the first amended complaint, was likewise of no force and effect, having been filed during the same sixty day period.

P.2d 946 (1937), the effect of the trial court's dismissal of the amended complaints was to restore the original complaint. Mignot v. Parkhill, 237 Or. 450, 391 P.2d 755 (1964); Drake Lumber Company v. Paget Mortgage Company, 203 Or. 66, 274 P.2d 804 (1954); State ex rel. Peteet v. Frenger, 34 N.M. 151, 278 P. 208 (1929); Aetna Life Insurance Company v. Phillips, 69 F.2d 901 (10th Cir. 1934); Boyer v. Crichton, 100 Cal.App. 24, 279 P. 677 (1929); Monarch Lumber Company v. Haggard, 139 Mont. 105, 360 P.2d 794 (1961); Vordenbaum v. Ackermann, 403 S.W.2d 362 (Tex.1966); Edwards v. Sittner, 206 S.W.2d 578 (Mo.App. 1947); Viiliainen v. American Finnish Workers Society, 236 Minn. 412, 53 N.W.2d 112 (1952).

 The appellee had no "minimum contacts" with Arizona. Therefore, by the service of process in New York, the superior court obtained no in personam jurisdiction over him. See Pegler v. Sullivan, 6 Ariz.App. 338, 432 P.2d 593 (1967). The superior court had no jurisdiction to enter an in personam judgment against the appellee, since there had been no personal service of process upon him within Arizona and no submission to the jurisdiction of the Arizona courts. In re Hindi, 71 Ariz. 17, 222 P.2d 991 (1950).

Finding no error in the proceedings below, the judgment is affirmed.

MOLLOY, J., and GORDON FARLEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.