500 P.2d 354

Jerry Edward GARLITZ, Petitioner,

v.

The Honorable Morris ROZAR, Judge of the Superior Court of Maricopa County; and Betty White GARLITZ, Real Party in Interest, Respondents.

No. 1 CA–CIV 2040.

Court of Appeals of Arizona,
Division 1,
Department B.
Aug. 24, 1972.

Sol L. Hamburger, Phoenix, for petitioner.

Richmond, Ajamie, Fay & Warner, by William J. Richmond, Phoenix, for respondents.

HAIRE, Chief Judge, Division 1.

In this special action proceeding, petitioner Jerry Edward Garlitz contends that the respondent judge lacks jurisdiction to consider a petition for modification of the child support provisions of a previously domesticized foreign divorce decree.

The respondent real party in interest, Betty White Garlitz, filed the modification petition in the Maricopa County Superior Court, after having previously domesticized a California decree in accordance with the provisions of the Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701 et seq. For the purposes of this opinion we have assumed that the California decree, as modified in a prior California proceeding, was subject to the provisions of the above-mentioned Uniform Enforcement of Foreign Judgments Act, and that the provisions of that act were fully complied with by Mrs. Garlitz. At this point we wish to emphasize that although there had been some prior proceedings concerning this matter involving the revised Uniform Reciprocal Enforcement of Support Act, A.R.S. § 12–1651 et seq., the modification proceedings involved in this special action do not in any way purport to be an attempt to utilize the provisions of that act.

At the time of the filing of the modification petition Mrs. Garlitz and the child for whom support had been ordered resided in Maricopa County, Arizona. Mr. Garlitz resided in Virginia, and was personally served with a copy of the modification petition in Virginia. Thereafter he made a special appearance in the Arizona proceedings through his attorney and moved to quash the modification petition on the grounds that the Arizona court had not acquired *in personam* jurisdiction over him, and that such jurisdiction was necessary before the court could *modify* the child support provisions of the California decree. This motion was denied. It is not contended that Mr. Garlitz is or has been domiciled in Arizona, that he has been physically present or served with process within the state, that he has consented to the jurisdiction of the Arizona courts, or that he has "caused an event to occur in this state", within the meaning of Rule 4(e) (2), Rules of Civil Procedure, 16 A.R.S.

First we note that both California and Arizona follow the generally accepted rule in divorce cases that if a court has *in personam* jurisdiction when it enters the

original decree, it retains subject matter and party jurisdiction and may exercise its continuing jurisdiction in a support modification proceeding without the necessity of obtaining *in personam* jurisdiction anew, provided, however, that reasonable notice and opportunity to appear is given. Trimble v. Trimble, 276 Cal.App.2d 813, 81 Cal.Rptr. 334 (1969); Lubbehusen v. Lubbehusen, 16 Ariz.App. 45, 490 P.2d 1173 (1971), review granted, No. 10755–PR, Arizona Supreme Court, February 8, 1972; Annot. 62 A.L.R.2d 544 (1958). While we have found decisions which recognize that where both the foreign state and the new forum have continuing power to modify divorce decrees, then a domesticized foreign divorce decree is also subject to modification, we have not found any decision which goes so far as to hold that such modification of the foreign decree may be accomplished in the new forum without *in personam* jurisdiction being independently acquired in that new forum. See Thomas v. Thomas, 248 N.C. 269, 103 S.E. 2d 371 (1958); Lopez v. Avery, 66 So.2d 689 (Fla.1953); 24 Am.Jur.2d, Divorce & Separation, § 987 (1966). Respondent appears to recognize this necessity of *in personam* jurisdiction in the new court, but argues that the Arizona court has acquired such jurisdiction on either of two theories: (1) The Arizona court has jurisdiction because a state in which the child is domiciled has jurisdiction over the parents to determine matters of custody and support; and (2) the establishment of the California decree as an Arizona decree under the Uniform Enforcement of Foreign Judgments Act invests the Arizona court with the continuing *in personam* jurisdiction retained by the California court which granted the original decree.

■ In support of her first theory, respondent relies upon Johnson v. Johnson, 105 Ariz. 233, 462 P.2d 782 (1969). In Johnson an Arizona decree containing support and custody provisions was granted to Arizona domiciliaries. The wife and child subsequently left the state and eventually became domiciled in California. The husband then brought an action in Arizona to gain custody of the child and to terminate child support payments. Neither mother nor child was present in Arizona nor were they served with process, but copies of the documents were mailed to the mother in California. Under these circumstances the Arizona Supreme Court held that the Superior Court lacked jurisdiction to change custody or to terminate child support. The court observed:

"The courts of the state of domicile are in a much better position to inquire into a change of circumstances surrounding children, and, under the doctrine of parens patriae, they have the primary obligation to care for the general welfare of their own citizens." 105 Ariz. at 238, 462 P.2d at 787.

Respondent contends that the Supreme Court has by "implication" held in Johnson that the proper California court would have jurisdiction over the Arizona husband-father in an action to modify custody or child support simply because the child was domiciled in California. We do not understand this to be the reasoning behind the Supreme Court's opinion, especially in view of the court's statement that:

"It would seem that if the appellee [husband] feels that he has a well-founded case he should not hesitate to bring it before the proper California court where all the evidence relative to the welfare of the child is readily available." 105 Ariz. at 241, 462 P.2d at 790.

This clearly indicates that our Supreme Court contemplated that the California court could obtain *in personam* jurisdiction over the mother and child who were California residents, and that since the husband would be submitting himself to the jurisdiction of the California court as a plaintiff, all the parties would be before the California court. The Arizona Supreme Court did not, indeed it could not, confer jurisdiction on the California courts over the husband, and it did not suggest that in the event the *mother* desired to

initiate modification proceedings in the California court, California could obtain jurisdiction over the non-resident husband without satisfying the basic requirements of due process.

In the case at hand, Mr. Garlitz simply did not have sufficient minimum contacts with the State of Arizona to allow the courts of this state to establish *in personam* jurisdiction over him. Rodriguez v. Rodriguez, 8 Ariz.App. 5, 442 P.2d 169 (1968); Backora v. Balkin, 14 Ariz.App. 569, 485 P.2d 292 (1971); In re Hindi, 71 Ariz. 17, 222 P.2d 991 (1950).

Respondent's second theory is that the *in personam* jurisdiction which the California court retained over Mr. Garlitz has been transferred to the Arizona Superior Court by reason of A.R.S. § 12–1702, which provides that:

"A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner."* (Emphasis added).

We believe that any such interpretation of A.R.S. § 12–1702 would violate basic constitutional requirements of due process. It is fundamental to the concept of due process that a party must have some "minimum contacts" with a state before its courts can exercise *in personam* jurisdiction over him. Pegler v. Sullivan, 6 Ariz. App. 338, 432 P.2d 593 (1967); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Here Mr. Garlitz did not have such minimum contacts.

The relief requested is granted, and the temporary stay previously entered herein is made permanent.

EUBANK and JACOBSON, JJ., concur.