671 P.2d 935

**Roseann KNOX aka Roseann Munger, Petitioner/Appellant,**

v.

**Bruce K. KNOX, Respondent/Appellee.**

**No. 2 CA–CIV 4761.**

Court of Appeals of Arizona, Division 2.

Sept. 27, 1983.

Munger & Munger by John F. Munger, Tucson, for petitioner/appellant.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C. by D. Michael Mandig, Tucson, for respondent/appellee.

## OPINION

HATHAWAY, Judge.

This case arises from a divorce decree filed in Illinois in April 1978, dissolving the marriage of Bruce and Roseann Knox. The decree provided, inter alia, for unallocated maintenance payments of $1,000 per month by the appellee to the appellant. The parties subsequently moved from Illinois, the appellee going to California and the appellant and children coming to Arizona. In May 1982, the appellant registered the divorce decree in Arizona pursuant to the Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1702. Appellee was duly notified of the registration.

Beginning in June 1982, Roseann Knox caused the issuance of several writs of garnishment with affidavits alleging support payment arrearages originally in the amount of $7,400 and increasing finally to $11,400. Mr. Knox's attorney unsuccessfully moved to quash the writs. One garnishee, Bankers Life Insurance Company of Nebraska, Phoenix office, identified $3,281.50 as net income belonging to appellee and agreed to withhold 50 per cent, or $1,641.75, thereof. Judgment against the garnishee was issued on September 3, 1982, for $1,641.75. Appellant subsequently moved for an order to show cause why appellee should not be held in contempt for failure to meet his support obligations. Mr. Knox's counsel objected to the order to show cause and moved to quash service of process based on lack of in personam jurisdiction. The court granted appellee's motion and Mrs. Knox appealed. We affirm.

The sole issue raised by this appeal is whether defendant's appearance through counsel to quash a writ of garnishment is sufficient to satisfy the minimum contacts requirements of in personam jurisdiction. Under the facts of this case, we hold that it is not.

To establish in personam jurisdiction over a non-resident, it must be shown that the non-resident's conduct and connection with the forum state are such that he can reasonably anticipate being subjected to suit there. *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Northern Propane Gas Company v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1980). The connection must be some act by the defendant which affords him business privileges and legal protection under the laws of the forum state. The act must be more than a mere fortuitous occurrence. *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The analysis must ultimately focus on the relationship between the defendant, the forum and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

It is submitted by the appellee and not contested in the record that Mr. Knox owns no property in Arizona, has never lived here and does no business here. The

**496**

income owed to him by Banker's Life Insurance Company apparently arose from work performed elsewhere. Mrs. Knox's fortuitous choice to relocate in Arizona is insufficient by itself to establish any jurisdiction over appellee. See *Kulko v. Superior Court,* supra.

Appellant contends that Mr. Knox's appearance via counsel to quash the writs of garnishment was a general appearance during which he availed himself of the judicial machinery and laws of Arizona. Without making specific jurisdictional objections, the argument goes, appellee subjects himself to the jurisdiction of our courts for purposes of determining the existence and collection of the outstanding balance allegedly still unpaid. In this case, $9,759.25 is the amount of allegedly unpaid unallocated maintenance outstanding after accounting for the $1,640.75 attached by the garnishment order. (Appellee does not appeal the garnishment order or contest the writs here.)

■■■ The appellant would have us consider the garnishment proceeding and the underlying action for support payments as one and the same. In that event, appellee's failure to raise his in personam jurisdiction defense at the garnishment hearing would preclude his use of that defense in the subsequent show cause action. Rule 12(h), (i) subdiv. 1, Rules of Civil Procedure, 16 A.R.S. However, garnishment proceedings have been held to be independent of the underlying claim, *Davis v. Chilson,* 48 Ariz. 366, 62 P.2d 127 (1936); *San Fernando Motors, Inc. v. Fowler,* 17 Ariz.App. 357, 498 P.2d 169 (1972), and therefore an appearance to defend against a garnishment is not an appearance for purposes of adjudicating the main action. *State ex rel. Weber v. Cordes,* 87 Wis. 373, 58 N.W. 771 (1894); *Beaupre v. Keefe,* 79 Wis. 436, 48 N.W. 596 (1891); see *Davis v. Chilson,* supra. Appellee's appearance to quash the garnishment in this case being separate and distinct from the underlying cause of action, his failure to present his jurisdictional defense initially does not foreclose presentation thereof in the subsequent show cause action. See

*Dudley v. Peterson,* 42 Ariz. 282, 25 P.2d 276 (1933); cf. *Miller v. Kearnes,* 45 Ariz. 548, 46 P.2d 638 (1935) (attachment defendant who appears in attachment proceeding obligated only to raise those defenses that could have been a defense to the attachment).

Appellant's citation of *General Electric Company v. Marvel Rare Metals Company,* 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932), is inapposite. In that case, the plaintiff objected to the court's jurisdiction over it regarding the issues raised in defendant's counterclaim. However, the plaintiff had already availed himself of the court's protection by filing the complaint. Appellee's attempt to protect his income from garnishment in the instant case is not analogous. In *Austin v. State ex rel. Herman,* 10 Ariz.App. 474, 459 P.2d 753 (1969), the court found that the defendants, by personally appearing at a show cause hearing and calling witnesses on their behalf, had recognized the case as being in court and sought affirmative relief. This was held to be a general appearance sufficient to satisfy in personam jurisdiction requirements. Appellee in the present case, however, has sought no affirmative relief. Rather, he appeared solely to protect his income. He has made no appearance personally with reference to the underlying action.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.