674 P.2d 900

**Irwin DANIS and Isabel Danis, husband and wife, Plaintiffs/Appellants,**

v.

**ZIFF–DAVIS PUBLISHING COMPANY, Defendant/Appellee.**

**No. 2 CA–CIV 4799.**

Court of Appeals of Arizona, Division 2.

Dec. 15, 1983.

Little, Fisher & Siegel, P.C. by Barbara E. Fisher, Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by Edwin M. Gaines, Jr., Tucson, for defendant/appellee.

OPINION

BIRDSALL, Judge.

The trial court dismissed the plaintiffs/appellants' complaint finding a lack of personal jurisdiction over the defendant/appellee. We affirm.

The appellant Irwin Danis was at one time employed by appellee Ziff-Davis Publishing Company. In September 1979 the

company obtained a judgment against him in New York arising out of a claim that he had misappropriated funds by self-dealing, bid rigging and bribery. The judgment was in excess of $600,000. In December 1981 Ziff-Davis filed the foreign judgment in Arizona under the Uniform Enforcement of Judgments Act, A.R.S. § 12–1701, et seq., the Danises having become Arizona residents. In December 1982 Ziff-Davis wrote the appellants asserting a claim to any rights of the appellant Irwin Danis under its profit-sharing plan.[1]

The six-count complaint sought relief from the defendant/appellee on the following theories:

1) That it breached its fiduciary duties by refusing to pay funds due plaintiff/appellant, Irwin Danis;

2) That it has wrongfully withheld funds due under the plan;

3) That the court declare the rights of the plaintiffs under the plan by declaratory judgment;

4) That defendant was motivated by malice and ill will entitling plaintiffs to punitive damages;

5) That the defendant has withheld information regarding plaintiff's entitlement to funds under the plan in violation of the Employee Retirement Income Security Act of 1974 thus entitling the plaintiffs to penalties, and

6) That the actions of the defendant were in violation of unspecified provisions of the federal act.

In their complaint the appellants allege in each count that jurisdiction is asserted pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (ERISA). They also allege that Ziff-Davis has submitted to jurisdiction by filing the foreign judgment.

The only question presented on appeal is whether there were sufficient contacts with the state of Arizona to support the assertion of jurisdiction over the appellee. The only contacts which appellants urge to support such jurisdiction are the filing of the foreign judgment, the letter and their claim that ERISA gives them personal jurisdiction over the appellee in Arizona. These are not activities in the state of Arizona which constitute the significant purposeful conduct required by the due process clause under the Fifth and Fourteenth amendments to the United States Constitution. The appellees were not doing business in this state nor did they cause an event to occur here out of which the subject matter of the complaint arose. Rule 4(e)(2), 16 A.R.S., Rules of Civil Procedure (the Arizona "long arm statute").

The appellants' complaint was not a collateral attack on the New York judgment. It was a new lawsuit, although arising indirectly out of the same relationship, i.e., the employment of Irwin Danis by Ziff-Davis in New York. The foreign judgment may be attacked in Arizona only if the rendering court lacked jurisdiction, it was obtained without due process, resulted from extrinsic fraud or was invalid or unenforceable. *Phares v. Nutter,* 125 Ariz. 291, 609 P.2d 561 (1980). None of these claims are made, the only contention being those which we have set forth.

We will consider separately each of the "acts in Arizona" which are claimed to give rise to personal jurisdiction.

First, the filing of the foreign judgment is simply a procedural method for giving full faith and credit to the judgment

1. The letter read: "Please be advised that Ziff-Davis Publishing Company hereby asserts its claim to any and all rights, if any that you may otherwise have in the Ziff-Davis Profit Sharing Plan on the grounds that all contributions by Ziff-Davis Publishing Company to said Plan were made under the false and mistaken belief that you were an honest and loyal employee of Ziff-Davis Publishing Company and that had it known of your established dishonesty, it would have terminated your employment and would not have made any such contributions to the Plan on your behalf. Furthermore, Ziff-Davis Publishing Company claims that you are indebted to it for a sum in excess of the amount and value of any interest which you might otherwise have in that Plan and Ziff-Davis Publishing Company asserts that it is entitled to any and all amounts credited to you under said Plan."

of a sister state. *See Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (App.1977). It does not create substantive rights not conferred by the full faith and credit clause of the U.S. Constitution, Art. 4, Sec. 1. *Jones v. Roach, supra.* The in personam jurisdiction exercised by the New York court is not transferred to Arizona by the act of perfecting the judgment here. *See Garlitz v. Rozar,* 18 Ariz.App. 94, 500 P.2d 354 (1972). In *Garlitz* the court held that Arizona lacked jurisdiction to consider a petition to modify the child support provisions of a California divorce decree which had been filed in Arizona. The instant case is even one step removed from *Garlitz* since the appellants' action in Arizona does not involve a modification of the New York judgment but instead is an independent action. Because the respondent in *Garlitz* argued that the utilization of the uniform act transferred the continuing in personam jurisdiction of the California court to modify the decree, the opinion discusses the minimum contacts necessary for jurisdiction. The opinion holds that any such interpretation of A.R.S. § 12–1702 [2] would violate due process. The court concludes that the respondent did not have the required minimum contacts. We arrive at the same conclusion here where the only "contact", except for the letter, is the filing of the judgment. *See also Knox v. Knox,* 137 Ariz. 494, 671 P.2d 935 (Ct.App.1983) (utilization of garnishment to collect Illinois judgment filed in Arizona pursuant to A.R.S. § 12–1702 held not to create personal jurisdiction even when debtor moved in Arizona to quash the writ).

■ Turning now to the letter, we hold that the act of mailing that letter in New York addressed to the appellants in Arizona was not a sufficient act to satisfy the requirement of minimum contacts. Uncontroverted affidavits before the trial court established that the profit-sharing trust was administered in New York. The appellee was not doing business in Arizona or seeking the protection of Arizona law. Nothing about the letter suggests that the appellee could anticipate being subjected to suit here. *See Northern Propane Gas Company v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1980). This court held in *Molybdenum Corporation of American v. Superior Court,* 17 Ariz.App. 354, 498 P.2d 166 (1972) that an employment contract arising from a letter offer to an Arizona resident and his letter of acceptance to New Mexico did not give rise to personal jurisdiction in Arizona in an action over the breach of that contract. *See also G.T. Helicopters v. Helicopters Ltd.,* 135 Ariz. 380, 661 P.2d 230 (Ct. App.1983) (telephone communications by non-resident into Arizona held not significant purposeful activity).

■ Finally we turn to the contention that the federal act permits the appellants, as alleged beneficiaries of the profit-sharing plan which is protected by ERISA, to sue in Arizona. As authority the appellants have referred us to *Ballinger v. Perkins,* 515 F.Supp. 673 (D.C., W.D.Va.1981). That decision does not support them. It decides a venue question, holding that the trustees of a union health and welfare insurance fund were "found" in the Western District of Virginia thus fixing venue in that U.S. District Court. The act allows venue in any one of four places: (1) where the plan is administered, (2) where the breach took place, (3) where a defendant resides, or (4) where a defendant may be found. 29 U.S.C. § 1132(e)(2). In *Ballinger* the defendant participated with a local union in the district, receiving plaintiff's contributions from him there and its denial of benefits had an effect in that locale where the plaintiff resided. The only reference in *Ballinger* to the question of personal jurisdiction was:

**2.** "A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the

superior court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner."

"Personal jurisdiction was said to be dependent on the 'minimum contacts' test for personal jurisdiction set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The fund in *Varsic* was held to have satisfied the 'minimum contacts' test where the Fund participated with the union in a given forum and undertook a fiduciary duty by receiving contributions and making payments within the forum." 515 F.Supp. at 676.

The *Ballinger* court refers to *Varsic v. United States District Court for Central District of California,* 607 F.2d 245 (9th Cir.1979). That opinion does address the minimum contacts necessary to confer personal jurisdiction in an action to recover benefits under ERISA. The court analyzes that issue under the law expressed in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those requirements are summarized in *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The following quotation from *Kulko* appears in *Varsic:*

"[A] defendant [must] 'have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' ... While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are, of course, to be considered, ... an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State." 607 F.2d at 249.

The facts in *Varsic* demonstrate the difference between that ERISA action and the instant case. There the fund [3] received contributions from employees on behalf of employees working in that California district and provided benefits to beneficiaries living there. Those activities were found to be directly involved in the lawsuit and were held to be sufficient to subject the fund to personal jurisdiction. We have no activities of that nature here. It bears repetition that the appellee's only conduct in Arizona was filing the foreign judgment and the letter. The appellant Irwin Danis was never employed by Ziff-Davis in Arizona; no contributions were made in Arizona; no evidence shows that any other beneficiaries reside here or receive benefits here. The appellants simply chose to move their residence to Arizona. The *Varsic* court refused to reach the question whether a beneficiary who moves from the forum where pension fund credits were earned into a new forum can establish jurisdiction in that second forum. However, the answer to that question seems apparent from the holding that the "minimum contacts" enunciated in *International Shoe, supra,* must be satisfied. Such a change of residence is not sufficient to create personal jurisdiction over the ERISA defendant.

The federal act contains the following jurisdictional provisions:

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." 29 U.S.C. § 1132(e)(1).

Section (a)(1) provides:

"(a) A civil action may be brought—
(1) by a participant or beneficiary—

. . . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;"

. . . . .

Thus a state court is given concurrent jurisdiction with a federal district court over an action such as the appellants'.

---

3. Like *Ballinger* a union pension fund was the ERISA defendant.

However, that extension of subject matter jurisdiction cannot confer personal jurisdiction in violation of the due process requirements of the U.S. Constitution. *Ballinger, supra.*

The dismissal by the trial court for lack of personal jurisdiction was correct.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.