K.K. HALL, Circuit Judge,
dissenting:
I cannot agree with the majority’s conclusion that the requisite due-process requirements have been met to subject HBA to in personam jurisdiction. As the majority recognizes, the only possible contact between HBA and Virginia is the “elimination rider” which was mailed by the insurance company to the Augusts’ Virginia res *174 idence and to which the Augusts never responded. I agree with the bankruptcy judge that this contact was insufficient to trigger Virginia’s Long-Arm statute and I, therefore, dissent.
Although Sharon August filed her claim for medical expenses after the Augusts had established residency in Virginia, there is no evidence in the record tying HBA with any transactions in that state. HBA is an Arizona corporation with its principal place of business and place of incorporation in the State of Arizona. No evidence was presented indicating that HBA had ever sold an insurance policy to a resident of Virginia or had ever solicited any business within Virginia. Furthermore, the “elimination rider” HBA sent to the Augusts was not designed to change the Augusts’ policy, but simply to underscore that provision of the policy which disclaimed coverage for claims arising from previously undisclosed medical problems.[1]
To meet the minimum contacts test enunciated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), HBA must have engaged in an act by which it “purposefully avail[ed] itself of the privilege of conducting activities within [Virginia], thus invoking the benefits and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). HBA engaged in no such act in this case. HBA has no office in Virginia and does not solicit or transact any business there. Nor can HBA’s attempt to obtain Scott August’s signature on the elimination rider provide the basis for personal jurisdiction. The elimination rider and the letter accompanying it were not received by the Augusts until after the events giving rise to the Augusts’ claims and, therefore, cannot be considered as contacts for the purpose of establishing jurisdiction over the claim. Moreover, the rider was never signed and, consequently, cannot be regarded as the basis of a business transaction between the parties.[2] It is in this latter respect that the instant case differs from McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In McGee, the non-resident defendant solicited a reinsurance agreement with a resident of the forum state. The offer was accepted in that state and the Supreme Court upheld jurisdiction because the suit “was based on a contract which had substantial connection with that State.” Id. at 223, 78 S.Ct. at 201. In contrast, the cause of action in this case is not one that arises out of an act taken or a transaction consummated in the forum state.
Because HBA lacked the type of contacts with Virginia necessary to satisfy the requirements of due process, the judgment entered against HBA in the Circuit Court of King and Queen County, Virginia, is, at least in my mind, void for lack of personal jurisdiction, and the Augusts’ complaint for turnover of property should be dismissed. Accordingly, I would affirm the district court.

. The majority construes the rider as expanding the original contract. To the contrary, the letter explaining the decision to deny coverage emphasizes that the purpose of the rider is to preclude future misrepresentations about disorders which existed prior to the time the policy took effect.

. The majority views the rider as a solicitation designed to alter the terms of the original insurance policy. Yet, even if this were the case, there would be no grounds for reversal because the rider was never signed, and the Supreme Court has stated on several occasions that solicitation alone cannot subject a foreign corporation to local jurisdiction. Green v. Chicago, Burlington, & Quincy Ry. Co., 205 U.S. 530, 533-34, 27 S.Ct. 595, 596, 51 L.Ed. 916 (1907); Philadelphia and Reading Ry. Co., v. McKibbin, 243 U.S. 264, 267-68, 37 S.Ct. 280, 281, 61 L.Ed. 710 (1917). See also Long v. Victor Products Corp., 297 F.2d 577, 581 (8th Cir.1961) (“[I]t is still the law that 'mere solicitation’ within a state does not of itself render the foreign corporation vendor amenable to suit within the state"). Cf. Danis v. Ziff-Davis Publishing Co., 138 Ariz. 346, 674 P.2d 900 (1983) (mailing of letter to party in foreign state is not a sufficient act to satisfy the requirement of minimum contacts under the due process clause).